UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Modou Mboup,

    *Petitioner*,

  v.

Field Office Director of New
Jersey Immigration and Customs
Enforcement et al.,

    *Respondents*.

No. 2:25-cv-16882 (MEF)

OPINION and ORDER

The Petitioner[1] is being held in the custody of federal immigration officials, and alleges that he has been "denied the opportunity [to] seek release" on bond. Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF 1) at 1, ¶¶ 15-16; Answer to Petition for Writ of Habeas ("Answer") (ECF 3) at 6.

He has filed a habeas corpus petition,[2] claiming, among other things, that this violates federal law --- because he is subject to detention under 8 U.S.C. § 1226(a), Petition at 4, ¶ 20, and under this provision detainees may request "a custody redetermination (i.e., a bond hearing) by an immigration judge[.]" Answer at 4 (citing 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(c)(d)(1), 1236.1(d)(1), 1003.19).

---

[1] Modou Mboup.

[2] The Respondents indicate that on October 30 the Petitioner was moved from a detention facility in New Jersey to one in another state. See Answer at 6. But no one suggests this Court lacks jurisdiction. The Petitioner was physically present in New Jersey when the habeas petition was filed on October 23. See Petition at 1, 12; Answer at 6. That establishes habeas jurisdiction, and the Court keeps that jurisdiction regardless of whether the Petitioner was later moved. See Khalil v. Joyce, 777 F. Supp. 3d 369, 410 (D.N.J. 2025).

The Respondents argue that the Petitioner is ineligible for a bond hearing because he is detained under 8 U.S.C. § 1225(b)(2). See Answer at 3. And under this provision, the argument goes, his detention is mandatory --- no bond hearing needs to be afforded. Id. (citing 8 U.S.C. § 1225(b)(2)(A) and Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 220 (BIA 2025)).

*   *   *

A plain-text reading of the referenced statutory sections makes clear that § 1226(a) (which allows for a bond hearing) applies to individuals situated like the Petitioner, not § 1225(b)(2) (which does not allow for a bond hearing).

Large numbers of federal court decisions have landed on this conclusion,³ and the Court is persuaded by their reasoning.

*   *   *

The fact that the Petitioner was "apprehended at or near the border" in September 2023, Answer at 1, does not change the picture.

It is true that § 1225 can serve as a basis for detaining without bond non-citizens who are "attempting to illegally cross the border or pass through a port of entry." Martinez-Elvir v. Olson, 2025 WL 3006772, at *7 (W.D. Ky. Oct. 27, 2025).

But when the Petitioner was apprehended in 2023, § 1225 was not put on the table by federal officials. In 2023, the Petitioner was arrested under a warrant that invoked only § 1226. See Answer, Exhibit A (ECF 3-1) at 2; see also Answer at 5

---

³ See, e.g., Castillo v. Lyons, 2025 WL 2940990, at *1 n.1 (D.N.J. Oct. 10, 2025) (noting this and collecting cases); accord Alaya Amaya v. Bondi, 2025 WL 3033880, at *3 (D.N.J. Oct. 30, 2025); Patel v. Almodovar, 2025 WL 3012323, at *3 (D.N.J. Oct. 28, 2025); Lomeu v. Soto, 2025 WL 2981296, at *8 (D.N.J. Oct. 23, 2025); Contreras Maldonado v. Cabezas, 2025 WL 2985256, at *4-5 (D.N.J. Oct. 23, 2025); Soto v. Soto, 2025 WL 29766572, at *7 (D.N.J. Oct. 22, 2025); Zumba v. Bondi, 2025 WL 2753496, at *6-9 (D.N.J. Sept. 26, 2025); Buestan v. Chu, 2025 WL 2972252, at *1 n.1 (D.N.J. Oct. 21, 2025); Order at *1 n.1, Contreras Amaya v. Bondi, No. 2:25-cv-16742 (D.N.J. Oct. 26, 2025); Order at *1 n.1, Patel v. Tsoukaris, No. 2:25-cv-16951 (D.N.J. Oct. 31, 2025).

Moreover, the Petitioner's current detention is not meaningfully related to his 2023 arrest.

He is now detained following an arrest made a few weeks ago, in October 2025.  Answer at 6.  That arrest, the 2025 arrest, was not made in the context of the Petitioner's crossing the border or passing through a port of entry, like an airport or a seaport.  Rather, the arrest was made on Canal Street in New York City.  See Answer, Exhibit F (ECF 3-1) at 17.

And this most recent arrest, the 2025 one, was also executed by federal officials under the authority of § 1226 --- not § 1225.  Answer, Exhibit E (ECF 3-1) at 14.

\*     \*     \*

Because the Petitioner is held under § 1226, but is being denied a bond hearing as if he were held under § 1225, the Petitioner's detention is "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Accordingly, the Petitioner is entitled to habeas relief.

What that relief might ultimately amount to is unclear.  But at a minimum, it requires that the Petitioner be treated by the Respondents as detained under § 1226(a).

The Respondents shall file a letter on or before November 5 at 2:00pm indicating whether the Petitioner has, by that time, been afforded a bond hearing in accordance with § 1226(a), and if not, why not.

IT IS on this 3rd day of November, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

3